# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NANCY RINEHART**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**AS AMERICA, INC** d/b/a American Standard, a Delaware corporation and **SAFETY TUBS COMPANY, LLC**, a Delaware Corporation,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nancy Rinehart ("Rinehart" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant AS America, Inc., d/b/a American Standard ("Defendant" or " American Standard") to stop its practice of making unsolicited telemarketing calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**ALLEGATIONS PURSUANT TO LOCAL CIVIL RULE 10.1**

1. The names and addresses of the parties to this action are as follows:

   A. Plaintiff Nancy Rinehart is a natural person and citizen of Nebraska, whose address is 1011 Rockhurst Drive, Lincoln, NE 68510.

   B. Defendant AS America, Inc. d/b/a American Standard is a Delaware company with its headquarters located at 1715 State RT 35 Suite 302, Middletown, New Jersey 07748.

   C. Defendant Safety Tubs Company LLC is a Delaware Corporation with its headquarters located at 902 West North Carrier Parkway, Grand Prairie, TX 75050.

1

## NATURE OF THE ACTION

2.  Defendant American Standard is a leading North American plumbing and building products manufacturer. American Standard produces fixtures, faucets and sinks, whirlpool tubs and other wellness products for the bath and kitchen.

3.  In 2010, American Standard acquired Safety Tubs, LLC ("Old Safety Tubs"), a privately held business specializing in the design and manufacturing of walk-in bathtubs for persons with limited mobility.[1] After the close of the transaction, American Standard operated Old Safety Tubs as a wholly-owned subsidiary, Safety Tubs Company, LLC ("Safety Tubs").[2]

4.  Unfortunately for consumers, Defendants American Standard and Safety Tubs cast their marketing net too wide. That is, in an attempt to promote American Standard's business and generate leads for its Safety Tubs subsidiary, Defendants conducted (and continue to conduct) a wide-scale telemarketing campaign that features the making of repeated unsolicited phone calls to consumers' cellular telephones—including cellular telephones and numbers that appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

5.  By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' ability to use and enjoy their cellphones by interrupting the functioning of related data,

---

[1] http://www.americanstandard-us.com/pressroom/American-Standard-Brands-acquires-Safety-Tubs/
[2] *Id.*

2

software, and hardware components. Defendants also caused injury to their phones by causing wear and tear on the property, consuming battery life and, in some cases, appropriating cellular minutes.

6. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged here. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an order enjoining Defendants from making unsolicited telephone calls to consumers as complained of herein and awarding statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff Nancy Rinehart is a natural person and citizen of the State of Nebraska.

8. Defendant American Standard is a company incorporated and existing under the laws of the state of Delaware with its headquarters located in this District. Defendant is a leading North American plumbing and building products manufacturer. Defendant conducts business throughout this District, the State of New Jersey, and throughout the United States.

9. Defendant Safety Tubs Company LLC is a Delaware Corporation with its headquarters in Texas. Defendant conducts business throughout this District, the State of New Jersey, and throughout the United States.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which is a federal statute.

11. The Court has personal jurisdiction over Defendants because American Standard is located within this District, solicits significant consumer business in this District, has entered

3

into business to business contracts in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District. American Standard exerts total control over its subsidiary, Defendant Safety Tubs, and directed its subsidiary from within this District that the calls at issue in this case be made on their joint behalves.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant American Standard is a leading North American plumbing and building products manufacturer. American Standard owns, operates, and exerts total control over its wholly-owned subsidiary, Safety Tubs Company, LLC. When a consumer picks up the phone, the caller identifies themselves as calling from "American Standard." As the calls in this case were directed to be made by American Standard for the joint benefit of both Safety Tubs and American Standard, this Complaint refers to Defendants jointly as "American Standard." Discovery is needed to discern which Defendant specifically performed each of the acts described herein. At this time it appears they acted jointly for each other's benefit at the direction of American Standard.

14. Unfortunately for consumers, American Standard utilized (and continues to utilize) a sophisticated telephone dialing system to call cellular telephone users *en masse* for the purpose of promoting its walk-in bathtub products, often times calling consumers on their cellular phones.

15. In American Standard's overzealous attempts to market its walk-in bathtub

4

products, Defendants placed (and continue to place) phone calls to consumers that never provided consent to be called and to consumers with whom they have had no prior dealings or relationship. Worse yet, American Standard placed (and continues to place) repeated and unwanted calls to consumers whose phone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

16. Not surprisingly, these practices have led to significant backlash from consumers:

- "Receiving multiple calls and a voice message they were responding to an online inquiry about walk-in tubs. We did not make any inquiries regarding this product. They used our first names in the message"[3]

- "Although I did check out the subject, no where did I ask for someone to call me. Up to five calls a day. Now they are even calling on Sunday. On a holiday weekend. I will be buying from a different company when I am ready to buy. This is harassment. And I am on the do-not-call list. I should sue."[4]

- "They have called several times. I finally answered one of the calls after the first ring and they hung up on me."[5]

- "I would think these calls could be called harassment, I've gotten as many as 4 or 5 every day."[6]

17. In making the calls to consumers' cell phones without their prior written express consent, American Standard used an autodialer in violation of the Telephone Consumer Protection Act.

18. Furthermore, American Standard calls these consumers who have no established business relationship with Defendant and who are registered on the Do Not Call list.

19. Finally, even when consumers try to opt out of future calls by requesting to never

---

[3] http://findwhocallsyou.com/510-671-6035
[4] https://www.everycaller.com/phone-number/1-510-671-6035/
[5] *Id.*
[6] *Id.*

5

be called again, American Standard continues to call them.

20. In making the phone calls at issue in this Complaint, American Standard and/or its agents utilized an automatic telephone dialing system. Specifically, the hardware and software used by American Standard (or its agents) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. American Standard's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

21. American Standard knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. As such, American Standard not only invaded the personal privacy of Plaintiff and members of the putative Class but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF NANCY RINEHART

22. On August 27, 2005, Plaintiff Rinehart registered her cellular phone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls on her cellular phone.

23. American Standard, either directly, or through its agents, made an unsolicited telemarketing call on June 23, 2016 to Plaintiff Rinehart using an automated telephone dialing system.

24. The June 23, 2016, and subsequent calls from Defendant, all displayed the number 510-671-6035 on Plaintiff's caller id. When calling this number back, the agent

6

answering the phone identifies themselves as being employed by Defendant, "American Standard," and provides information about Defendant's Safety Tub walk-in bath tubs.

25. Plaintiff receives multiple unsolicited autodialed phone calls per day from American Standard.

26. Usually when Plaintiff answers, the call automatically hangs up on her, a sign that the American Standard is using an automatic dialer to make the calls.

27. Plaintiff does not have a relationship with American Standard, has never provided her consent to American Standard to call her or requested that Defendant place calls to her or offer her its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to American Standard or to Safety Tubs to place calls to her and has no business relationship with American Standard.

28. American Standard is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

29. **Class Allegations**: Plaintiff Rinehart brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the two classes defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who (1) from a date four years prior to the filing of this Complaint until the date notice is disseminated to the Class, (2) Defendants (or a third person acting on behalf of Defendants) called, (3) on the persons' cellular telephones, (4) for the purpose of selling Defendants' products or services, and (5) for whom Defendants claim prior express consent was obtained in the same manner as Defendants claim prior express consent was obtained to call the Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who (1) from a date four years prior to the filing of this Complaint until the date notice is disseminated to the Class, (2) Defendants (or a third person acting on behalf of Defendants) called on his/her

7

cellphone or residential landline phone, (3) more than one time within any 12-month period, (4) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days, (5) for the purpose of selling Defendant's products and services, and (6) for whom Defendants claim prior express consent was obtained in the same manner as Defendants claim prior express consent was obtained to call the Plaintiff.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the need to potentially amend the class definitions following appropriate class discovery.

30. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, American Standard has made telephone calls to thousands of consumers who fall within the definitions of the Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

31. **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

8

    (b)    Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

    (c)    Whether Defendant made the calls with the use of an ATDS;

    (d)    Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

    (e)    Whether the calls were made for telemarketing purposes;

    (f)    Whether Defendant American Standard controlled or directed the calling and directed its subsidiary that the calls be made; and

    (g)    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

32.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of American Standard's uniform wrongful conduct during transactions with Plaintiff and the Classes.

33.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and neither American Standard nor Safety Tub Company has any defenses unique to Plaintiff.

34.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief

appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

35. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and the Autodialed No Consent Class)**

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. American Standard made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class—without their prior express oral or written consent—in an effort to sell its products and services.

38.   Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

39.   Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Autodialed No Consent Class simultaneously and without human intervention.

40.   At no time did Defendant American Standard or Defendant Safety Tubs obtain any express consent from Plaintiff or from anyone else that advised the consumer that they were agreeing to be called with an automatic telephone dialing system or that providing their cellphone number and agreeing to be called was not a condition of any purchase of goods or services.

41.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited telephone calls to Plaintiff and members of the Autodialed No Consent Class's cellular telephones using an ATDS without prior express consent.

42.   As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43.   Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and the Do Not Call Registry Class)**

44.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

46.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

48.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must

have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

49. Defendant violated § 64.1200(c) by initiating, or causing to be initiated, multiple telephone solicitations to landline customers and wireless telephone subscribers such as Plaintiff and the Do Not Call Registry class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government, within the same 12 month period. Such consumers requested to not receive calls from Defendant, as set forth in § 64.1200(d)(3).

13

50. Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. Defendant further violated § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel regarding any do not call list, and by failing to appropriately record and honor do not call requests.

51. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Do Not Call Registry class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Registry class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

52. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry class suffered actual harm and damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

53. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Nancy Rinehart, individually and on behalf of the Classes, pray for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Nancy Rinehart as the representative of the Classes and appointing her counsel as Class Counsel;

2.	An award of actual and statutory damages to be paid into a common fund for the benefit of the Class;

3.	An injunction requiring Defendant and its agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Classes;

4.	A declaration that Defendant uses an ATDS under the TCPA, that Defendant made autodialed calls without prior express consent, and that Defendant called persons whose numbers were registered on the Do Not Call registry more than once during any given 12-month period;

5.	An award of reasonable attorneys' fees and costs; and

6.	Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**NANCY RINEHART**, individually and on behalf of all others similarly situated,

Dated: August 23, 2016      By: /s Stefan Coleman_____
                                    One of Plaintiff's Attorneys

Stefan Coleman (SC6365)
Law Offices of Stefan Coleman, P.A.
1072 Madison Ave, Suite 1
Lakewood, New Jersey, 08701
law@stefancoleman.com
(877) 333-9427

Steven L. Woodrow*
Patrick H. Peluso*
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Phone: (720) 213-0675
Email: swoodrow@woodrowpeluso.com

ppeluso@woodrowpeluso.com

*Motion for admission *pro hac vice* to be filed