# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Nancy Rinehart, individually and on behalf of all others similarly situated, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | CIVIL ACTION NO: |
| AS America, Inc. and Safety Tubs Company, LLC | 3:16-cv-05128-MAS-LHG |
| | : |
| Defendant | : |

## CLASS ACTION SETTLEMENT AND RELEASE

It is hereby stipulated and agreed to by and between the undersigned Parties, subject to the approval of the Court, that the settlement of this Action shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement.

## ARTICLE I - RECITALS

**A.** **WHEREAS**, on or about August 23, 2016, Plaintiff Nancy Rinehart ("Rinehart") filed an action entitled *Rinehart v. AS America, Inc., et al.*, Case No. 16-cv-05128-MAS-LHG in the United States District Court for the District of New Jersey, Trenton Division (the "Action");

**B.** **WHEREAS**, the Action alleges, on behalf of Plaintiff and the alleged Class ("Settlement Class") that Defendants AS America, Inc. and Safety Tubs, LLC, (collectively "AS America, Inc." or "Defendants") violated the federal Telephone Consumer Protection Act (the "TCPA") by placing telemarketing calls using an automated telephone dialing system to cellular telephones without the adequate express written consent of the called party.

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

**C.**     **WHEREAS**, Defendants vigorously deny all claims asserted against them in the Action, deny all allegations of wrongdoing and liability, deny all material allegations of the Complaint, and deny that the telephone calls at issue were telemarketing calls subject to the TCPA.

**D.**     **WHEREAS**, counsel for the Parties have investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action, and have conducted a thorough assessment of the strengths and weaknesses of their respective claims and defenses;

**E.**     **WHEREAS**, counsel for the Parties have engaged in extensive arm's-length negotiations concerning the settlement of the claims asserted in the Action, including two full-day mediation sessions overseen by the Hon. John J. Hughes (Ret.) of JAMS, former U.S. Magistrate Judge, U.S. District Court for the District of New Jersey;

**F.**     **WHEREAS**, Defendants, without admitting any liability, fault or wrongdoing, desire to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, for itself and its franchisees and customers, and for the purpose of putting to rest the controversies engendered by the litigation;

**G.**     **WHEREAS**, Rinehart and her counsel, on behalf of the Settlement Class, have concluded based upon their investigation and taking into account the contested issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs associated with further prosecution of the Action, the uncertainties of complex litigation, the financial

2

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

constraints on the Defendant, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendants on the terms set forth herein is fair, reasonable, and adequate, and in the best interest of the Named Plaintiff and the Settlement Class;

**H.    WHEREAS**, Rinehart and her counsel, on behalf of the Settlement Class, have agreed to settle the Action with Defendants on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class or any other issue raised in the Action; and

**I.    WHEREAS**, Defendants and counsel for Defendants have agreed to settle the Action with Plaintiffs on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class, or any other issue raised in the Action.

**J.    WHEREAS**, the Settlement contemplated by this Agreement is expressly conditioned upon and subject to preliminary and final approval by the Court, as set forth herein. Absent such approvals, this Agreement and underlying settlement shall be null, void, and of no further force or effect and the parties shall be returned to their *status quo ante*. Effective upon such approvals, this Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the claims of the Settlement Class, upon and subject to the terms and conditions hereof.

3

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

NOW, **THEREFORE**, it is hereby stipulated and agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the approval of the Court, the Action shall be fully and finally settled and dismissed with prejudice under the following terms and conditions.

## AGREEMENT

1.    **DEFINITIONS**.

In addition to terms defined throughout this Agreement and in any schedule or exhibit hereto, and under any Law, the following terms shall have the meaning set forth below and shall be deemed defined, for purposes of this Agreement only, as follows:

1.1     **"Action"** means and refers to this Action, captioned *Rinehart v. AS America, Inc., et al.*, Case No. 16-cv-05128-MAS-LHG in the United States District Court for the District of New Jersey, Trenton Division**.**

1.2     **"Approved Claim"** shall mean a Claim that meets all requirements expressly set forth in this Agreement and approved by the Settlement Administrator that also meets the following requirements: (a) the Claim is submitted on a timely basis in accordance with the directions on the Claim Form and the provisions of this Agreement; and (b) the Claim is fully and truthfully completed and executed by a Settlement Class Member, with all of the information requested in the Claim Form; (c) the Claim is signed by the Settlement Class Member, physically or electronically, subject to the penalties of perjury; and (d) the Claim is verified by the Settlement Administrator pursuant to Section 5.2 of this Agreement.

1.3     **"ATDS"** means an automatic telephone dialing system subject to the provisions

ME1 26451105v.1

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

of the TCPA.

      1.4    **"Claim"** means a written claim on the approved "Claim Form," submitted by a Settlement Class Member to the Settlement Administrator requesting to receive benefits under the terms of this Settlement Agreement.

      1.5    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely, and shall be set as a date no later than thirty (30) days after entry of a Final Order in this Action. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

      1.6    **"Claim Form"** means the document substantially similar to the form attached to this Agreement as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement, shall be available in paper format upon request from the Settlement Administrator.

      1.7    "**Class**" **and/or** "**Settlement Class**" means as follows: "All persons in the United States who (1) from a date four years prior to the filing of this Complaint until the date notice is disseminated to the Class, (2) were called by Defendants (or any third-party acting on behalf of Defendants), (3) on the persons' cellular telephones, (4) for the purpose of selling Defendants' products or services, and (5) had their lead information obtained by Defendants via the contractorlink.net website."

      1.8    **"Class Counsel"** means Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC and Stefan Coleman of the Law Office of Stefan Coleman, P.A.

      1.9    **"Class List"** means and refers to the list of cellular telephone numbers and

5

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Persons identified by Defendants as part of the Settlement Class. Defendants represents that it has used best efforts to compile the Class List.

1.10 **"Class Member" and "Settlement Class Member"** mean a Person who falls within the definition of the Settlement Class as set forth herein, including the proposed Class Representative, and who has not submitted a valid request for exclusion. Notwithstanding anything to the contrary, there shall be permitted only one Class Member and a single claim for such Class Member for each cellular telephone number called regardless of: (i) the number of owners of such cellular telephone number or device or (ii) the number of times such cellular telephone number was called by Defendants. Defendants reasonably believe that the total estimated size of the Settlement Class is comprised of approximately 398 Persons to whom telephone calls were placed after the number was obtained via www.contractorlink.net.

1.11 **"Class Representative"** means and refers to Plaintiff Nancy Rinehart, subject to the approval of the Court.

1.12 **"Court" or "this Court"** means the United States District Court, District of New Jersey, the Honorable Michael Shipp presiding, or any judge designated to preside over this Action.

1.13 **"Defendants" or "AS America, Inc."** means AS America, Inc., and Safety Tubs, LLC, including each of their respective parents, subsidiaries, affiliates, partners, joint venturers, agents, employees, officers, managers, members and shareholders and owners, and the representatives of each of them.

1.14 **"Effective Date"** means seven (7) calendar days after which all of the events

6

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

and conditions specified in Paragraph 9.1 have occurred and/or have been met.

1.15    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by this or any other Court to Class Counsel for their work pursuing this Action, if any, which will be paid by the Defendants.

1.16    **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Order approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.17    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Order to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

1.18    **"Final Order"** means the Final Order to be entered by the Court approving this class settlement in accordance with this Agreement after the Final Approval Hearing.

1.19    **"Nationwide"** means the fifty (50) states of the United States of America and its territories or possessions as may be subject to the TCPA or any claims asserted in the Action.

7

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

**1.20**    **"Notice"** means the notice of this proposed Class Action Settlement and Final Approval Hearing, which is to be delivered via direct mail notice, to be sent to the Settlement Class Members substantially in the manner set forth in this Agreement, consistent with the requirements of due process and F.R.C.P. 23 as expressly provided herein, and as substantially in the form attached as Exhibit B.

**1.21**    **"Notice Date"** means the day by which direct mail notice under the Notice Plan set forth in Paragraph 4 has been sent, which shall be a date no later than thirty (30) days after entry of the Preliminary Approval Order.

**1.22**    **"Notice Plan"** means the proposed plan developed by the Settlement Administrator and approved by the Parties for disseminating notice to members of the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing.

**1.23**    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no earlier than thirty (30) days after the Notice Date and at least fourteen (14) days after papers supporting the Fee Award are filed with the Court and made available on Plaintiff's Counsel's firm website, www.woodrowpeluso.com.

**1.24**     **"Parties"** or **"Settling Parties"** means Plaintiff Nancy Rinehart, the Settlement Class, and Defendants As America, Inc., and Safety Tubs, LLC.

**1.25**    **"Person"** shall mean any individual, and any entity including, without limitation, a corporation, partnership, limited partnership, limited liability partnership, limited

8

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any other business or legal entity and their respective predecessors, successors, representatives, and assigns.

1.26    **"Plaintiff"** means the named Plaintiff, Nancy Rinehart, and the Settlement Class, collectively.

1.27    **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement Agreement, and approval of the form of the Notice and of the Notice Plan.

1.28    **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, a proposed version which will be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

1.29    **"Defendants' Counsel" or "AS America, Inc.'s Counsel"** means defense counsel, Matthew Tharney, Esq., and Natalie Watson, Esq., of McCarter & English, LLC.

1.30    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, punitive, treble, exemplary or multiplied damages, expenses, costs, attorneys' fees, fines, penalties, awards, interest (including pre-judgment interest), and all other obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the

9

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

TCPA or any other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States (including both direct, vicarious, and derivative claims) against the Released Parties, or any of them, relating to, based on, and/or arising out of the facts, claims, causes of action, damages alleged or which could have been alleged in the Action, including any alleged violations of the TCPA or any similar federal, state, local, statutory or common law or any other similar law, rule or regulation.

1.31    **"Released Parties"** means Defendants, including any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent entities, subsidiaries, associates, affiliates, employers, employees, holding companies, agents, consultants, independent contractors, insurers, reinsurers, vendors, directors, managing directors, officers, partners, principals, members, managers, attorneys, owners, shareholders, legal representatives, or any other representatives of any of these Persons or entities.

1.32    **"Releasing Parties"** means Plaintiff Rinehart and those Settlement Class Members who do not timely opt out of the Settlement Class (whether or not such Settlement Class Members submit claims), and, to the extent a Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned Releasing Parties' present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

1.33    **"Settlement Administration Expenses"** means the expenses incurred by the

10

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Settlement Administrator in providing Notice, processing claims, mailing checks for Approved Claims, as well as any costs incurred in sending the Class Action Fairness Act notices described in Paragraph 4.2(g) below. Defendants are to pay all Settlement Administration Expenses incurred in connection with this Agreement.

      1.34    **"Settlement Administrator"** means Analytics, LLC, or such other contractor selected by the Parties and approved by the Court to develop the Notice Plan, oversee the distribution of Notice, and conduct the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement and of any other amounts to any other Persons called for under this Agreement.

      1.35    **"Settlement Agreement"** or **"Agreement"** means this Settlement Agreement.

      1.36    **"Settlement Fund"** means and refers to a non-segregated amount not to exceed six hundred thousand dollars ($600,000.00 USD) that shall be made available to the Settlement Administrator to pay all Approved Claims, Settlement Administration Expenses, the incentive award to the Class Representatives, and the Fee Award, if any. The Settlement Fund represents the limit and extent of Defendants' monetary obligations under this Agreement without regard to the source of such funds. In no event shall Defendants' total financial liability with respect to this Agreement exceed six hundred thousand dollars ($600,000.00 USD). Defendants shall not be required to segregate such funds into a separate account nor to make any required set-aside of such amounts. No interest shall accrue on the Settlement Fund. Defendants shall be given a credit for any funds advanced by it to the Settlement Administrator or otherwise for funding of the Settlement and shall only be required to provide funds as necessary to the Settlement

11

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Administrator to fund Approved Claims or cover other approved charges against the Settlement Fund with sufficient lead time for when due to be disbursed.

**1.37** **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. and all regulations promulgated thereunder, including 47 C.F.R. §64.1200, *et seq*.

**1.38** **"Unknown Claims"** means any and all causes of action and claims that could have been filed, asserted, maintained and raised in any pleading, motion or other filing in the Action and that the Plaintiff, the Class Members and the Releasing Parties, or any of them, do not know or suspect to exist, which, if known by such Person might affect such Person's agreement enter into this Settlement Agreement and release the Released Parties from the Released Claims or might affect such Person's decision to agree, object, or not object to the settlement under the terms of this Agreement. Upon the Effective Date, Plaintiff, the Class Members and the Releasing Parties, shall be deemed to have, and shall have, jointly and severally, voluntarily, knowingly, and expressly irrevocably waived, released and relinquished all such Released Claims to the fullest extent permitted by law.

Plaintiff acknowledges that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.**     **SETTLEMENT RELIEF**

**2.1**     **Monetary Payments to Settlement Class Members**

**(a)**     The Class Members shall have until the Claims Deadline to submit a Claim.

12

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Defendants agree to pay from the Settlement Fund the following to each Class Member who files timely files an Approved Claim:

(i)      **Cash Payment:** For Settlement Class Members who elect the "Cash Payment" option on the Claim Form, Defendants shall provide a monetary payment, by check issued from the Settlement Administrator, of up to $1,000.00, regardless of the total number of calls the claimant received.

(ii)      **Certificates**: For Settlement Class Members who elect the "Certificate" option on the Claim Form, Defendants shall provide a Certificate that may be exchanged for up to $2,000.00 worth of Defendants' safety tub products. The Certificates shall be transferable for the first ninety (90) days following their issuance. Certificates must be redeemed within one hundred eighty (180) days of their issuance. The Settlement Administrator shall coordinate with Defendants with respect to the Certificates' content.  The Settlement Administrator shall issue Certificates in accordance with the approved form.

(iii)      The above Cash Payment and Certificate amounts are subject to the following possible *pro rata* reduction: if the total amount required to pay $1,000 for each Approved Claim for a Cash Payment and $2,000 for each Approved Claim for a Certificate would exceed the net amount remaining available for such payments from the Settlement Fund after payment of: (1) the Settlement Administration Expenses, (2) the Incentive Award to the Class Representative, (3) and the Fee Award, if any, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* reduced amount for such Person's Approved Claim as determined by the remaining net balance of the Settlement Fund after payment of such amounts

13

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

for Expenses, Incentive Awards, and the Fee Award.

**(b)**    Within forty-five (45) days after the Effective Date, or such other date as the Court may set by order, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims for Cash Payments by check and all Approved Claims for Certificates by certificate, and mail them to the Class Member for such corresponding Approved Claim within the Settlement Class via first-class mail.

**(c)**    All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred twenty (120) days after the date of issuance of such check and such monies shall remain the property of Defendants. To the extent that a check issued to a Settlement Class Member is not cashed or negotiated within one hundred twenty (120) days after the date of issuance (an "Uncashed Check"), upon a reasonable attempt to re-mail that Uncashed Check will be deemed void and shall not be reissued, and such funds applicable to the Uncashed Check shall go to two *cy pres* recipients to be agreed upon by the Parties. Given that the TCPA is a privacy statute, the recipients should be involved in the protection or enhancement of consumer privacy rights. In the event any checks that are mailed "bounce back," (that is, are returned in the mail as undeliverable), the Settlement Administrator shall make one attempt at re-mailing the check following attempts to verify the current address of the Settlement Class Member to whom the bounced back check was mailed.

**2.2**    **Prospective Relief:**  AS America, Inc., disputes and denies that it failed to comply with the TCPA or that any of the calls at issue constituted telemarketing calls triggering

14

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

the TCPA.  Without waiving its position, AS America, Inc., agrees that it shall affirmatively use commercially reasonable efforts to, on or before the Effective Date, and continuing for a period of eighteen months (18) months from the Effective Date, confirm compliance with the TCPA.

3.     **RELEASES**

**3.1**     The obligations incurred pursuant to this Settlement Agreement shall constitute a full and final disposition, settlement, and dismissal of the Actions and any and all Released Claims by the Releasing Parties against all Released Parties.

**3.2**     Upon the Effective Date, the Releasing Parties, and each of them, jointly and severally, shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever, released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**3.3**     In addition to the foregoing, upon the Effective Date the Class Representative, on behalf of herself and her present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, Successors, predecessors-in-interest, and assigns of each of them, shall be deemed to have released any and all claims against Defendants and the Released Parties that were or could have been brought against Defendants and the Released Parties in the Action arising out of or relating to the facts alleged in the Action. Defendants shall be able to raise a defense in any subsequent action alleging Released Claims that payments to any Person based on an Approved Claim operates as an accord and satisfaction as to any claims such Persons may otherwise have arising from, or which could have been asserted in, the Actions

4.     **NOTICE TO THE CLASS**

15

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

**4.1**     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice, describing the Final Approval Hearing and the terms of this Settlement Agreement, and the Claim Form to be disseminated to the Class Members as provided in this Agreement. Such notice shall comport with due process and FRCP Rule 23, and be effectuated pursuant to the Notice Plan, the costs of which shall be Settlement Administration Expenses.

**4.2**     The Notice Plan, developed by the Settlement Administrator with the assistance of the Parties, shall include:

**(a)**     *Class List.* The Parties agree that within seven (7) days following the entry of the Preliminary Approval, the Settlement Administrator shall be provided with a copy of the Class List, as updated by Defendants, to include any known cellular telephone numbers and the names of the believed owner of the device/number, and his or her last known US mailing address for purposes of direct mailing of Notice to such Persons. The Settlement Administrator shall thereafter update the Class List as appropriate using the national change of address registry and an appropriate reverse look-up to verify and confirm that the phone numbers, names, and mailing addresses provided by Defendants are up-to-date and accurate. The Parties, Class Counsel, Defendants' counsel, and the Settlement Administrator shall keep the Class List (and all personal information obtained therefrom, including the identity and telephone numbers for the persons comprising the Settlement Class) confidential. The Settlement Administrator shall then provide Plaintiff's counsel with the names and phone numbers of the class members, subject to an appropriate Privilege and Confidentiality Agreement contemplated in paragraph 12, *infra.* Plaintiff's counsel shall not contact class members for any purpose other than to

16

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

inform them of this Settlement and to advise as to the claims process.

     **(b)**    *Direct Notice by Mail.* No later than thirty (30) days after the entry of the Preliminary Approval Order or on such other date determined by the Court, the Settlement Administrator shall send Notice substantially in the form attached as Exhibit B, together with a Claim Form (attached as Exhibit A), by first class mail to each physical address on the Class List as updated using the national change of address registry.

     **(c)**    *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent Complaint and all materials filed with the complaint in the Action or notice of how to electronically access such materials; (2) notice of all scheduled judicial hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this Agreement. The Settlement Administrator shall serve upon the above-referenced government officials the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement.

     **4.3**    The Parties agree to engage in modest confirmatory discovery regarding the size and scope of the settlement class as was disclosed in relation to the mediation. All confirmatory discovery is to be completed prior to the deadline for Class Counsel to file papers in support of

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Final Approval.  Plaintiff will agree to enter into an appropriate Privilege and Confidentiality Agreement governing such discovery to protect privacy interests of the individuals at issue as well as Defendants' proprietary and trade secret information.  Defendants' counsel will make an additional inquiry to confirm the specific number of total wireless telephone leads from the contractorlink.net website.   Defendants' counsel will provide a confirmatory representation to Plaintiff's counsel with that information and an explanation of the steps undertaken to confirm that information.

 **4.4** The Notice shall advise the Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that: (a) any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection files notice of his or her intention to do so and at the same time files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court and sends copies of such papers mail, hand, or overnight delivery service to Class Counsel and Defendants' Counsel, and (b) that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.

 **4.5** Any member of the Settlement Class who intends to object to this Agreement must include in the objection his/her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or

18

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

she is a Class Member, provide the cellular phone number that received the text messages, and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing and, if so, whether the appearance will be with or without counsel. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as detailed in this Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be valid, the objection must be filed with the Court and delivered or postmarked and sent via mail to Class Counsel and Defendants' Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

     **4.6**     A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified on the Notice. To exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular phone number that received the text messages, the name and number of the case, and a statement that such Person intends to be excluded from the Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is

19

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. Any Settlement Class Member who elects to be excluded shall not: (i) be bound by any orders of the Final Order; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

**4.7**    *Costs of Notice and Settlement Administration*. Defendant shall be responsible for all costs of Notice and Settlement Administration.

## 5.    SETTLEMENT ADMINISTRATION

**5.1**    The Settlement Administrator shall, under the Court's supervision, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall ensure that all such records will be made available for inspection and copying to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator,

20

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

    **(a)**    Forward to Defendants' Counsel and Class Counsel, all original (or suitable copies of) documents and other materials received in connection with the administration of the Settlement, within fifteen (15) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

    **(b)**    Receive requests to be excluded from the Settlement Class and other requests from Settlement Class Members and promptly provide to Class Counsel and Defendants' Counsel copies thereof upon receipt. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

    **(c)**    Provide weekly or other periodic reports to Class Counsel and Defendants' Counsel, including without limitation, reports regarding the number of Claim Forms received and the amount of the payments sought, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

    **(d)**    Make available for inspection and copying by Class Counsel and/or Defendants' Counsel, the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

ME1 26451105v.1

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

**5.2**     The Settlement Administrator shall reject a Claim Form, or any part of a Claim for a payment or certificate reflected therein with due regard for Defendants records to verify the submissions of any claim presented, including without limitation, where the name and telephone number provided on the Claim Form does not appear on the Class List; cannot be validated as having been called by Defendants; or the Person submitting the claim is not the owner of the cellular number at which the call(s) was received as required under the TCPA. In addition, the Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to comply with the instructions thereon or the terms of this Agreement, after giving the claimant a reasonable opportunity to provide any requested missing information, but in no event shall any Settlement Class Member have more than thirty (30) days after being noticed by the Settlement Administrator of any question or deficiency in the submitted Claim Form to answer the question or cure such deficiency.

**5.3**     Both Class Counsel and/or Defendants' Counsel either individually or jointly shall have the right to challenge the acceptance or rejection of a Claim Form submitted by a Settlement Class Member. The Settlement Administrator shall be bound by any agreed decisions of Class Counsel and Defendants' Counsel as to the validity of any disputed Claim Form. To the extent Class Counsel and Defendants' Counsel are not able to agree on the disposition of a challenge, the Parties shall present such challenge to the mediator, the Honorable John Hughes,

22

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

for binding, non-appealable decision as to such challenge, subject to any confidentiality provisions as necessary to assure the privacy of the person whose claim is challenged.

5.4     In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.5     The Final Approval Hearing shall be no earlier than forty-five (45) days after the Notice described in paragraph 4.2(g) is provided or such other time as the Court shall set.

5.6     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek timely exclusion from the Settlement Class or timely file a valid Claim Form shall be deemed a Class Member bound by this Agreement but shall not be entitled to receive any cash award or any other benefits pursuant to this Agreement, but will otherwise be bound together with all respective Settlement Class Members by all of the terms of this Agreement, including the terms of the Final Order to be entered in the Action and Releases provided for in the Agreement, and will be barred from brining any action against any of the Released Parties concerning the Released Claims.

5.7     The Settlement Administrator and the Parties each agree to keep all information received pursuant to Paragraph 5 of this Agreement—including the Class List and all personal information of the Settlement Class obtained therefrom—confidential and may use it only for purposes of effectuating this Agreement.

6.     **TERMINATION OF SETTLEMENT**

6.1     Subject to Paragraph 9 below, the Class Representative, on behalf of the

23

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Settlement Class, or Defendant and each or any of them, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties within ten (10) business days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Order in this Action in any material respect; (iv) the date upon which the Final Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which the Alternate Order, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

## 7.   PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

7.1     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representatives, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date, the Objection/Exclusion deadline, the Claims Deadline, and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the forms attached as Exhibits A and B.

7.2     At the time of the submission of this Agreement to the Court as described above, Class Counsel and Defendants' Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth in this Agreement.

ME1 26451105v.1

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

**7.3**       After Notice is given, the Parties shall request from the Court a Final Order. The Final Order will (among other things):

**(a)**       find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all attached exhibits;

**(b)**       approve the Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Releasing Parties;

**(c)**       find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)**       find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

ME1 26451105v.1

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

(e)     dismiss this Action (including all individual claims and class action claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth in this Agreement;

(g)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in all material respects with the Final Order, or (b) do not limit the rights of Settlement Class Members; and without affecting the finality of the Final Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose; and

(i)     incorporate any other provisions, as the Court deems necessary and just.

8.      **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

8.1     Subject to the Court's approval, the Parties have agreed that out of the Settlement

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Fund, Class Counsel shall be paid the sum of one hundred seventy-four thousand dollars ($174,000 USD) for reasonable attorneys' fees and expenses in these Actions, which represents twenty-nine percent (29%) of the Settlement Fund established by the Agreement. Defendants agree that such an amount is reasonable and will not object to, or otherwise challenge directly or indirectly, Class Counsel's application for attorneys' fees and for reimbursement of costs and other expenses if Class Counsel's application does not exceed said amount. Class Counsel has, in turn, agreed not to seek more than this amount from the Court.

     **8.2**     Class Counsel shall, within twenty-one (21) days following the Effective Date, be paid the amount of attorneys' fees and expenses approved by the Court. Any payment of the Fee Award from the Settlement Fund shall be paid by the Settlement Administrator via electronic transfer to an account designated by Class Counsel providing necessary information to the Settlement Administrator. Class Counsel agree that in no event shall Defendants collectively pay or be obligated to pay in excess of $174,000 for Class Counsel's attorneys' fees and expenses. Defendant shall timely ensure that the Settlement Administrator has cleared funds necessary to pay the Fee Award approved by the Court.

     **8.3**     In addition to any Approved Claim payment to which she may be entitled under the Settlement Agreement, and provided that she does so qualify for an Approved Claim, in recognition of her efforts on behalf of the Settlement Class, the Class Representative shall, subject to the approval of the Court, be awarded an incentive award in the aggregate amount of five thousand dollars ($5,000). Defendant agrees that such an amount is reasonable and that it shall not oppose such award, directly or indirectly. This sum shall be paid in recognition of the

27

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Plaintiff's time, exposure, and effort serving as the Class Representative in this litigation. The Settlement Administrator shall pay said amount via check from the Settlement Fund to the Class Representative, such check to be sent care of Class Counsel, within ten (10) days after the date the Court enters the Final Order if there have been no objections to the Settlement Agreement, and, if there have been such objections, within fourteen (14) days after the Effective Date.

## 9.     CONDITIONS    OF    SETTLEMENT,    EFFECT    OF    DISAPPROVAL, CANCELLATION, OR TERMINATION

**9.1**      The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**      This Agreement has been signed by Class Counsel, the Named Plaintiff, Defendants' and Defendants' Counsel;

**(b)**      The Court has entered the Preliminary Approval Order;

**(c)**      The Court has entered an order finally approving the Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Order, or an order substantially consistent with this Agreement; and

**(d)**      The Final Order has become Final, as defined above, or, in the event that the Court enters a final order in a form other than that provided above ("Alternate Order") and that has the consent of the Parties, such Alternate Order becomes Final.

**9.2**      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the

28

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Paragraph 9.3 unless the Plaintiff and Defendant mutually agree in writing to proceed with the Agreement. If any party to this Agreement is in material breach of the terms of this Agreement, any other party, provided that it is in substantial compliance with the terms of the Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything in this Agreement, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Paragraphs 8.1 and 8.2 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, 9.1 or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement with all claims or their defenses fully preserved. In such event, any Final Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated and the Parties shall be returned to the *status quo ante* with respect to the Action as if they had never entered into this Agreement, subject to reasonable extensions of time as to any then-pending discovery or other deadlines and any trial dates for the Actions.

## 10.   MISCELLANEOUS PROVISIONS

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to

29

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties, Class Counsel, and Defendants' Counsel all agree to cooperate with one another in seeking Court approval of the Preliminary Approval order, the Settlement Agreement, and the Final Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

     **10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Actions were brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

     **10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

     **10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained in this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

     **(a)**    is, may be deemed, or shall be used, offered or received against the Released

ME1 26451105v.1

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence or fault of the Released Parties, or any of them;

**(b)**     is, may be deemed, or shall be used, offered, or received against the Settlement Class as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**     is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. If this Settlement Agreement is approved by the Court, any of the Parties or any of the Released Parties may file this Agreement and/or the Final Order in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

31

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

(d)    is, may be deemed, or shall be construed against Plaintiff, the Settlement Class or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(e)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The headings used in this Agreement are used for the purpose of convenience only and are not meant to have legal effect.

10.6    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.7    All of the Recitals and Exhibits to this Agreement are material and integral parts of it and are fully incorporated into this Agreement by this reference.

10.8    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matter set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or

32

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**   Except as otherwise provided in this Agreement, each Party shall bear its own attorney's fees and costs.

**10.10**   All Parties represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.11**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party to this Agreement warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.12**   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**   This Settlement Agreement shall be binding on, and inure to the benefit of, the successors and assigns of the Parties to this Agreement and the Released Parties.

**10.14**   This Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties to this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in

33

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

this Agreement.

**10.15**   All proceedings in the Actions shall be stayed and abated following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement. Pending determination of whether the Settlement Agreement should be granted final approval, the Parties in the Actions agree not to pursue any claims or defenses otherwise available to them.

**10.16**   Whether or not the Settlement Agreement is signed or otherwise approved or if this Settlement Agreement is terminated, neither this Settlement Agreement not the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them. Additionally, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed a waiver of Defendants' right to challenge class certification if this Settlement for any reason does not become Final.

**10.17**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey.

**10.18**   This Agreement is deemed to have been prepared by counsel for all Parties, as a

34

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

result of arm's length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

     **10.19**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel by email to their designated accounts in the Actions, certified mail in care of the United States Postal Service (USPS) or by overnight mail in care of the USPS or such recognized commercial carrier as Federal Express, UPS or the like with proof of delivery:

     **(a)**    For Plaintiffs: Steven L. Woodrow, Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Avenue, Suite 300, Denver, Colorado 80210, swoodrow@woodrowpeluso.com, ppeluso@woodrowpeluso.com; and

     **(b)**    For Defendants: Matthew Tharney and Natalie Watson, McCarter & English, LLC, 100 Mulberry Street, Newark, NJ 07102.

ME1 26451105v.1

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff:**

_____      Dated: _____

Nancy Rinehart

**Defendant:**

_____      Dated: _January 18, 18_

AS AMERICA, INC.

By its _Vice President & Controller_

36

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff**:

_____     Dated: _01/17/2018_____

Nancy Rinehart

**Defendant**:

_____     Dated: _____

AS AMERICA, INC.

By its_____

36

Doc ID: 0c68f115bba6e8ad03b06e6b53f8c9e4b80ccf28

**Defendant:**

Dated: January 18, 18

SAFETY TUBS, LLC

By its VP + Controller

**REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:**

**ATTORNEYS FOR PLAINTIFFS:**

Dated: 1/22/18

Woodrow & Peluso, LLC

**ATTORNEYS FOR DEFENDANTS**

Dated: 1/22/18

McCarter & English, LLC

37

MEI 26451105v.1